UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JAYME PEERY,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>NIXON ENGINEERING, LLC,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. __6:18-cv-00358__<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. §216(b)**<br><br>**CLASS ACTION PURSUANT TO<br>FED. R. CIV. P. 23(b)** |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff Jayme Peery ("Plaintiff" or "Peery") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Nixon Engineering, LLC (hereinafter "Nixon" or "Defendant"), at any time during the relevant statutes of limitations through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while his Texas state law claims are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3).

**I.
OVERVIEW**

1.  This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the law of the State of Texas.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Nixon anywhere in the United States within their relevant statutes of limitations through the final disposition of this matter, and were not paid for all hours worked nor the correct amount of overtime compensation in violation of federal law.

3. Specifically, Nixon has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay.

4. Nixon's company-wide policies have caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Nixon has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and therefore failed to provide the proper amount of overtime compensation on a routine and regular basis in the last three years.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Texas state-law claim as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Peery designated herein be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Jayme Peery ("Peery") was employed by Nixon during the relevant time period. Plaintiff Peery did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members are those current and former workers who were employed by Nixon at any time during the relevant time period and have been subjected to the same illegal pay system under which Plaintiff Peery worked and was paid.

13. Defendant Nixon Engineering, LLC ("Nixon" or "Defendant") is a Texas limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **Tina Tiner Nixon, 508 Pecan Street, Bastrop, Texas, 78602.**

## III.
## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

---

[1] The written consent of Jayme Peery is hereby attached as Exhibit "A."

16. This Court has personal jurisdiction over Nixon because the cause of action arose within this district as a result of Nixon's conduct within this District and Division.

17. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Nixon has maintained a working presence throughout the State of Texas and Plaintiff Peery worked in Waco, Texas throughout his employment with Nixon, all of which are located within this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

20. Upon information and belief, Nixon provides traffic control and highway maintenance services to its clients, including the Texas Department of Transportation ("TXDOT"), in the State of Texas.

21. Plaintiff and the Putative Class Members' job duties consisted of setting up traffic cones on highways throughout the State of Texas and directing traffic along those highways, all of which was performed in conjunction with TXDOT.

22. Plaintiff Peery has been employed by Nixon as a "flagger" since approximately May 2018.

23. Plaintiff and the Putative Class Members are non-exempt workers who are (and were) paid by the hour.

24. Plaintiff and the Putative Class Members worked approximately forty "on-the-clock" hours per week.

25. In addition to their forty "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to ten hours "off-the-clock" per week and have not been compensated for that time.

26. As part of their job responsibilities, Plaintiff and the Putative Class Members have pre- and post-shift responsibilities that they are required to perform at the beginning and end of each work shift.

27. Plaintiff and the Putative Class Members' pre- and post-shift responsibilities are integral and indispensable to their core job duties.

28. Plaintiff and the Putative Class Members' pre-shift responsibilities are not *de minimis* in nature.

29. Plaintiff and the Putative Class Members performed (and continue to perform) their pre- and post-shift responsibilities "off-the-clock" and without pay.

30. Nixon knew and encouraged Plaintiff and the Putative Class Members to perform their pre- and post-shift responsibilities "off-the-clock" in violation of the FLSA.

31. Nixon did not (and does not) compensate Plaintiff and the Putative Class Members for performing their pre- and post-shift responsibilities "off-the-clock."

32. As a result of Nixon's failure to compensate Plaintiff and the Putative Class Members for performing their pre- and post-shift responsibilities "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

33. In addition to their uncompensated pre- and post-shift responsibilities, Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Nixon as a result of Nixon's corporate policy and practice of failing to pay its employees for travel time and time its employees spent in training.

34. Specifically, prior to clocking in, Plaintiff and the Putative Class Members are required to drive their personal vehicles to a meeting location selected by Nixon, check in, ensure that Nixon's truck is ready for use, drive Nixon's truck to the TXDOT offices (where they clock in) and then to the location of Nixon's traffic control project.

35. After clocking out, Plaintiff and the Putative Class Members are required to collect the traffic cones from the highway, load them onto Nixon's truck, and return Nixon's truck to the meeting location selection by Nixon.

36. Plaintiff and the Putative Class Members were not (and are not) paid for their travel time from Nixon's meeting location to the TXDOT offices although that is compensable time.

37. These trips collectively add an additional ten (10) hours to Plaintiff and the Putative Class Members' weekly time which was (and remains) unpaid.

38. In addition, Nixon did not (and does not) compensate Plaintiff and the Putative Class Members for mandatory meetings and trainings they are regularly required to attend.

39. Nixon's failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

40. Plaintiff and the Putative Class Members were subjected to (and continue to be subjected to) the same or substantially similar policy, practice or scheme that required them to perform work for Defendant "off-the-clock," as described above.

41. Nixon knew or should have known that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

42. Nixon knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

43. Nixon knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

44. As a result of Nixon's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform these tasks off the clock, Plaintiff and the Putative Class Members

were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

45. Nixon has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff Peery.

46. Nixon is aware of its obligation to pay for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiff and the Putative Class Members but has failed to do so.

47. Because Nixon did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Nixon's pay policies and practices violate the FLSA.

48. Because Nixon did not pay Plaintiff and the Putative Class Members for all hours they worked on behalf of Nixon, Nixon's pay policies and practices also violate Texas state law.

V.
CAUSES OF ACTION

COUNT ONE
(Collective Action Alleging FLSA Violations)

A.  **FLSA COVERAGE**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER FLAGGERS WHO WERE EMPLOYED BY NIXON ENGINEERING, LLC, AT ANY TIME FROM DECEMBER 10, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

51. At all material times, Nixon has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

52. At all material times, Nixon has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Nixon has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

53. Specifically, Nixon operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

54. At all material times, Plaintiff and the FLSA Collective Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

55. At all material times, Nixon has had (and continues to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

56. Nixon violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

57. Moreover, Nixon knowingly, willfully and in reckless disregard carried out their illegal pattern of causing Plaintiff and the FLSA Collective Members to perform their pre- and post-shift and other duties "off-the-clock", thereby failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty each week. 29 U.S.C. § 255(a).

58. Nixon knew or should have known its pay practices were in violation of the FLSA.

59. Nixon is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

60. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Nixon to pay according to the law.

61. The decision and practice by Nixon to cause and/or require Plaintiff and the FLSA Collective Members to perform their pre- and post-shift and other duties "off-the-clock" was neither reasonable nor in good faith.

62. Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked over forty each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.  **COLLECTIVE ACTION ALLEGATIONS**

63. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Peery.

64. Other similarly situated employees have been victimized by Nixon's patterns, practices, and policies, which are in willful violation of the FLSA.

65. The FLSA Collective Members are defined in Paragraph 50.

66. Nixon's systematic failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the FLSA Collective Members.

67. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

68. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

69. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

70. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt, blue-collar workers entitled to overtime after forty (40) hours in a workweek.

71. Nixon has employed (and continues to employ) hundreds of flaggers throughout the United States during the past three years.

72. Absent a collective action, many members of the proposed FLSA class will not likely obtain redress of their injuries and Nixon will retain the proceeds of its rampant violations.

73. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

74. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 50 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.     VIOLATIONS OF TEXAS COMMON LAW**

75. All previous paragraphs are incorporated as though fully set forth herein.

76. Plaintiff Peery further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

77. The Texas Common-Law Class is defined as:

**ALL CURRENT AND FORMER FLAGGERS WHO WERE EMPLOYED BY NIXON ENGINEERING, LLC, IN THE STATE OF TEXAS, AT ANY TIME FROM DECEMBER 10, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

78. Plaintiff and the Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Nixon. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

79. Plaintiff and the Texas Common-Law Class Members provided valuable services for Nixon, at Nixon's direction and with Nixon's acquiescence.

80. Nixon accepted Plaintiff and the Texas Common-Law Class Members' services and benefited from their timely dedication to Nixon's policies and adherence to Nixon's schedule.

81. Nixon was aware that Plaintiff and the Texas Common-Law Class Members expected to be compensated for the services they provided to Nixon.

82. Nixon has therefore been benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.     TEXAS COMMON-LAW CLASS ALLEGATIONS**

83. Plaintiff Peery brings his Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Nixon in Texas since September 26, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

84. Class action treatment of Plaintiff and the Texas Common-Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

85. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

86. Plaintiff Peery is a member of the Texas Common-Law Class, his claims are typical of the claims of the other Texas Common-Law Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Texas Common Law Class Members.

87. Plaintiff Peery and his counsel will fairly and adequately represent the Texas Common-Law Class Members and their interests.

88. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

89. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 77.

## VI.
## RELIEF SOUGHT

90. Plaintiff respectfully prays for judgment against Nixon as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 50 and requiring Nixon to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.  For an Order pursuant to Section 16(b) of the FLSA finding Nixon liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d.  For an Order certifying the Texas Common-Law Class as defined in Paragraph 77 and designating Plaintiff Peery as the Class Representative of the Texas Common-Law Class;

    e.  For an Order pursuant to Texas common law awarding Plaintiff Peery and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

    f.  For an Order awarding the costs and expenses of this action;

    g.  For an Order attorneys' fees;

    h.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i.  For an Order awarding Plaintiff Peery a service award as permitted by law;

    j.  For an Order compelling the accounting of the books and records of Nixon, at Nixon's expense; and,

    k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:   December 10, 2018                       Respectfully submitted,

                                                          **ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
        **Clif Alexander**
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Lauren E. Braddy**
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Alan Clifton Gordon**
        Texas Bar No. 00793838
        cgordon@a2xlaw.com
        **Carter T. Hastings**
        Texas Bar No. 24101879
        carter@a2xlaw.com
        **George Schimmel**
        Texas Bar No. 24033039
        geordie@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        ***Attorneys for Plaintiff and the Putative Class Members***