IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JAYME PEERY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 6:18-CV-00358-ADA-JCM |
| § | |
| NIXON ENGINEERING, LLC, § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are Plaintiff's Motion for Conditional Certification and Notice to the Putative Class Members, Pl.'s Mot. Certify, ECF No. 26, Defendant's Response in Opposition, Def.'s Certify Resp., ECF No. 28, and Plaintiff's Reply in Support, Pl.'s Certify Reply, ECF No. 29. For the following reasons, the undersigned recommends the Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion to Certify.

**I.
INTRODUCTION**

Plaintiff initiated this lawsuit on December 10, 2018, alleging Defendant violated the Fair Labor Standards Act (FLSA) and Texas common law by directing / causing Plaintiff and similar employees to work "off-the-clock" during compensable hours. Pl.'s Am. Compl., ¶¶ 1–3, ECF No. 16. Plaintiff claims Defendant directed him and other employees to work uncompensated

hours and created miscalculations of their regular pay to deny overtime compensation. *Id.*, ¶ 4. Plaintiff contends he and his coworkers routinely worked over forty hours each work week, but Defendant did not pay them overtime of at least one and one-half their regular rates for all hours worked in excess of forty hours. *Id.*, ¶ 5.

Plaintiff moved to certify a class of injured employees on June 7, 2019. Pl.'s Mot. Certify at p. 1. He asks the Court to join Defendant's previous hourly employees over the past three-year period and current hourly employees through the litigation's final disposition. *Id.* at pp. 1–2. He argues these employees are similarly situated to himself, aggrieved by Defendant, and may be interested in joining this litigation. *Id.* In support, he provides five declarations from himself and other potential class members (collectively with all potential class members, the "Putative Class Members"). Pl.'s Mot. Certify, Ex. 1 (Peery Aff., ¶ 1), Ex. 2 (Heath Aff., ¶ 1), Ex. 3 (Neal Aff., ¶ 1), Ex. 4 (J. Swinner Aff., ¶ 1), Ex. 5 (W. Swinner Aff., ¶ 1). The declarants were all hourly employees, held three of the five positions of the Putative Class Members (Flagger, TMA Driver, and Crew Leader), worked under the same supervisor, and visited multiple job sites. *Id.*

According to the declarations, the Putative Class Members managed traffic for construction crews.[1] The declarants state Defendant required them to work overtime regularly yet they were only compensated for about forty (40) hours a week of work.[2] The declarations further state Defendant required the affiants to meet at hotels or motels offsite, inspect vehicles, tools, and equipment, then travel to worksites, clean worksites, and travel back to meeting locations to complete post-route inspections, all without pay.[3]

---

[1] Peery Aff., ¶ 10; Heath Aff., ¶ 10; Neal Aff., ¶ 10; J. Swinner Aff., ¶ 10; W. Swinner Aff., ¶ 10.

[2] Peery Aff., ¶ 5; Heath Aff., ¶ 5; Neal Aff., ¶ 5; J. Swinner Aff., ¶ 5; W. Swinner Aff., ¶ 5.

[3] Peery Aff., ¶ 7, 8, 12, 13; Heath Aff., ¶ 7, 8, 12, 13; Neal Aff., ¶ 7, 8, 12, 13; J. Swinner Aff., ¶ 7, 8, 12, 13; W. Swinner Aff., ¶ 7, 8, 12, 13.

Along with certification, Plaintiff requested contact information for other Putative Class Members. Pl.'s Mot. Certify at p. 12. He seeks Putative Class Members' names, addresses, telephone numbers, e-mail addresses, and dates of employment from Defendant. *Id.* at pp. 2–3. He also seeks court-approval of proposed Notice, Consent, and Reminder forms, and permission to send them to the Putative Class Members and post them on his counsels' website. *Id.* at p. 2. He then requests the Court permit the Putative Class Members to join the case over the next sixty (60) days and bar Defendant from contacting the Putative Class Members. *Id.* at pp. 3-6.

Defendant responded on June 14, 2019. Def.'s Certify Resp. at p. 1. It argues the Court should deny certification because Plaintiff is not similarly situated to all members of the class, does not present facts to determine if other hourly employees are similarly situated, and does not establish a common policy violating the law and victimizing the class. *Id.* at pp. 1, 3. Alternatively, Defendant requests the Court limit the class to Flaggers, Drivers, and Crew Leaders with the same supervisors, in the same regions, and on the same job contracts as the declarations. *Id.* at pp. 3–4. Finally, Defendant objects to the form of Plaintiff's proposed Notice. *Id.* at p. 4.

## II.
## RELEVANT LAW

Section 207(a) of the FLSA requires employers to compensate employees at a rate not less than one and one-half times the regular rate of employment for time in excess of forty hours per work week. Title 29 U.S.C. § 216(b) authorizes a cause of action against an employer who violates these compensation requirements. This action may be brought by one or more employees individually and on behalf of others similarly situated. *English v. Tex. Farm Bureau Bus. Corp.*, No. 6:17-CV-00323, 2019 WL 2112275, at *3 (W.D. Tex. Mar. 29, 2019) (Albright, J.). Those who wish to participate must affirmatively "opt-in" to this type of action by filing a written

consent with the court. *Id.* District courts may implement Section 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The Fifth Circuit has not adopted a test to determine when to certify a collective action, but this Court uses the two-stage *Lusardi* test.[4] First, in the notice stage, the court determines whether putative class members' claims "are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). If so, the court conditionally certifies the class and authorizes notice to the class members of the opportunity to opt-in. *English*, 2019 WL 2112275, at *3. Second, in the decertification stage, "after discovery is largely complete and more information on the case is available," the court makes "a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Acevedo*, 600 F.3d at 519.

When plaintiffs seek conditional certification on behalf of a class of similarly situated persons, as Plaintiff does here, the court need only address the first stage of the *Lusardi* test. *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 513 (W.D. Tex. 2015) (Pitman, J.). Courts at this stage consider only the pleadings and submitted affidavits to determine whether to conditionally certify the class and give notice to potential members.[5] The notice standard is "fairly lenient[,]" though certification is not guaranteed. *English*, 2019 WL 2112275, at *3.

---

[4] *English*, 2019 WL 2112275, at *3 (citing *Badgett v. Tex. Taco Cabana, L.P.*, No. H-05-3624, 2006 WL 2934265, at *1–2 (S.D. Tex. Oct. 12, 2006)); *Jones v. Supermedia, Inc.*, 281 F.R.D. 282, 287 n.1 (N.D. Tex. 2012).

[5] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *English*, 2019 WL 2112275, at *3 (citing *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *2 (S. D. Tex. Aug. 14, 2009)).

## III.
## ANALYSIS

Plaintiff requests conditional certification of his proposed class and permission to notify the Putative Class Members. Pl.'s Mot. Certify at p. 15. He argues the Putative Class Members are similarly situated as they all managed road traffic, received an hourly rate, and did not receive pay for the same tasks. *Id.* at p. 3. He claims these Putative Class Members are also interested in joining the suit. *Id.* He therefore requests the Court order Defendant to provide potential class members' names, addresses, telephone numbers, e-mail addresses, dates of birth, driver's license numbers, and dates of employment and permit him to notify potential class members and remind them of their right to join the class. *Id.* at p. 13. He further requests the Court bar Defendant from contacting potential class members. *Id.* at p. 15.

A. **Class Certification**

To conditionally certify a class at the notice stage, the plaintiff "must make a preliminary factual showing that a similarly situated group of potential plaintiffs exists." *English*, 2019 WL 2112275, at *4. Then, representative plaintiffs "must demonstrate there is a reasonable basis for crediting the assertion that aggrieved individuals exist and those individuals want to opt-in to the lawsuit." *Ferguson v. Tex. Farm Bureau Bus. Corp.*, No. 6:17-CV-00111, 2017 WL 7053928, at *6 (W.D. Tex. Dec. 11, 2017) (Manske, M.J.), *rep. and rec. adopted* No. 6:17-cv-111-RP, 2018 WL 1392704 (W.D. Tex. March 20, 2018) (Pitman, J.). This analysis is highly contextual and varies depending on the facts of the specific case. *Mooney*, 54 F.3d at 1213.

First, the Putative Class Members must demonstrate they are similarly situated. *English*, 2019 WL 2112275, at *4 (citing *Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, 2017 WL 1842937, at *4 (W.D. Tex. Mar. 14, 2017) (Chestney, J.)). Class members are similarly situated when the plaintiff alleges common facts across the class that led the defendant

to subject them to the illegal scheme. *Tamez v. BHP Billiton Petro. (Americas), Inc.*, No. 5:15-cv-00330-RP, 2015 WL 7075971, at *3 (W.D. Tex. Oct. 5, 2015) (Pitman, J.). When a plaintiff alleges the defendant violated the FLSA by underpaying all hourly employees, the plaintiff need only show the potential class members are all hourly employees and were likely subjected to the alleged scheme. *See id.* (certifying a class when the plaintiff alleged numerous dissimilar hourly employees were subjected to the same illegal pay scheme because they were hourly employees).

Here, the Putative Class Members testify—in sworn affidavits based on personal knowledge—that Defendant subjected each of them to an illegal payment scheme based on their status as hourly employees.[6] Specifically, the Putative Class Members testify Defendant paid them all an hourly wage of $13.64 but excluded hours not reported in their work logs. *Id.* These unpaid hours included time spent performing pre-route vehicle inspections, ensuring tools and equipment were packed before arriving at worksites, driving in company trucks to worksites, setting up road cones and strips, setting up truck-mounted attenuators, and flagging and controlling road traffic at job sites.[7] As Plaintiff alleges Defendant violated the FLSA by underpaying all hourly employees, and the declarations suggest Defendant subjected multiple hourly employees to the alleged scheme, Plaintiff met the low notice stage burden and demonstrated the Putative Class Members are similarly situated. *See Tamez*, 2015 WL 7075971, at *3.[8]

---

[6] Peery Aff., ¶ 15–16; Heath Aff., ¶ 15–16; Neal Aff., ¶ 15–16; J. Swinner Aff., ¶ 15–16; W. Swinner Aff., ¶ 15–16.

[7] Peery Aff., ¶ 3; Heath Aff., ¶ 3; Neal Aff., ¶ 3; J. Swinner Aff., ¶ 3; W. Swinner Aff., ¶ 3.

[8] ("The alleged FLSA violations in this case do not depend on the job title or responsibilities of each particular plaintiff. Plaintiffs allege that they were paid a fixed amount per day without regard for the number of hours worked. Plaintiffs argue that such a compensation scheme is a per se violation of the FLSA and its implementing regulations. If Plaintiffs are correct, then BHP Billiton violated the FLSA with regard to every putative plaintiff regardless of their particular job position. In some cases, plaintiffs allege FLSA violations that require showing not only the existence of a common compensation scheme but also certain factual predicates. In these cases, it may be appropriate to require the class be limited to a particular job position in order to provide the court some assurance that the relevant facts are common across the class. Whereas here, Plaintiffs allege that the compensation scheme is in of itself a violation

Nonetheless, Defendant argues certification is inappropriate as some class members waived their right to a jury trial.[9] *See* Def.'s Certify Resp. at p. 7 ("those who are entitled to a trial by jury cannot be said to be similarly situated to those who have waived such a trial"). Plaintiff does not address this argument in his Reply.

> Defendants ask the Court to enforce the jury waiver and limit the putative class to include only those sales associates who also signed an enforceable jury waiver. Plaintiff did not file a response to Defendant's argument. The Court finds Defendants' argument is meritorious and agrees the putative class members shall include only those sales associates who signed a jury waiver and thus are "similarly situated" to Plaintiff Lemmers in this case.

*Lemmers v. Gary Pools, Inc.*, No. SA:15-cv-00828-OLG, 2016 WL 7508075, at *2 (W.D. Tex. May 24, 2016) (Garcia, C.J.). While Defendant argues the Court should deny certification given the jury waivers, Chief Judge Garcia's *Lemmers* limitation is appropriate here. The class should be limited to those who employees who agreed to Defendant's "Confidentiality, Nondisclosure, Non-Solicitation, Non-Competition and Inventions Agreement".[10] Arb. Agr., ¶ 2(a).

Second, Plaintiff must show other hourly Nixon employees would desire to opt-in to the lawsuit if notified they may do so.[11] Representative plaintiffs "must demonstrate there is a reasonable basis for crediting the assertion that aggrieved individuals exist and those individuals

---

the FLSA. No further factual inquiry is necessary. Accordingly, liability can be determined collectively without limiting the class to a specific job position.").

[9] It also argues an arbitration agreement may bind some class members to arbitration but fails to provide any evidence to suggest class members actually agreed to arbitration. *Compare In re JPMorgan Chase & Co.*, 916 F.3d 494, 503 (5th Cir. 2019) ("[I]f the employer fails to establish the existence of a valid arbitration agreement as to an employee, that employee would receive the same notice as others.") *with* Def.'s Certify Resp., Ex. C (Arb. Agr., ¶ 2(a)) (indicating only that arbitration is optional and any party, including the employee, may refuse arbitration).

[10] On August 21, 2019 the Court entered an order directing Nixon to identify whether Peery was a signatory to the larger Confidentiality agreement. Aug. 21 Ord., ECF No. 30. Nixon responded on August 28, 2019, stating it did not have evidence regarding whether Peery was a signatory to the Agreement but he ordinarily would be as a matter of course. Aug. 28, ECF No. 31. The Court concludes Peery is a proper class member in the absence of evidence to the contrary.

[11] Peery Aff., ¶ 20; Heath Aff., ¶ 20; Neal Aff., ¶ 20; J. Swinner Aff., ¶ 20; W. Swinner Aff., ¶ 20.

want to opt-in to the lawsuit." *Ferguson*, 2017 WL 7053928, at *6 (citing *Tolentino*, 716 F. Supp. 2d at 647). However, "a plaintiff need not identify specific class members who desire to join the litigation at Lusardi's notice stage." *Ferguson*, 2018 WL 1392704, at *3. At this early stage a plaintiff need only present some evidence that other employees were subject to the same working and pay conditions and may be interested in joining the suit. *Dyson*, 308 F.R.D. at 513–14.[12]

In *Ferguson*, a 2017 decision of this Court, the plaintiffs met their burden by showing six additional plaintiffs consented to join the suit and presenting a list of employees who would be potential opt-in plaintiffs. 2017 WL 7053928, at *6. Here five other Nixon hourly employees—in addition to the declarations already submitted—filed consents to join this litigation. Not. Fil. Consent Join at p. 1, ECF No. 14; Not. Fil. Consent Join at p. 1, ECF No. 22. The declarations attached to Plaintiff's motion consistently state the employees know of other hourly Nixon employees interested in opting into the lawsuit.[13] Plaintiff and the Putative Class met their burden to show other aggrieved individuals are interested in joining this suit.

In sum, Plaintiff meets the low notice standard to conditionally certify a class of all current and former hourly-paid workers employed by Defendant between June 2016 and the present who were traffic-management employees working at roadway projects throughout the state of Texas, whose monetary compensation consisted of hours reported in TxDOT work logs, and who executed a "Confidentiality, Nondisclosure, Non-solicitation, Non-Competition and Inventions Agreement" with Defendant. After discovery is complete, Defendant may file a

---

[12] *See also* Peery Aff., ¶ 19–20 ("Nixon subjected my coworkers and me to the same or substantially similar policies, discussed above. Based on my conversations with other hourly Nixon employees, I know that they would be interested to learn that they may recover unpaid overtime compensation from Nixon and that they would want to opt-in to this lawsuit.").

[13] Peery Aff., ¶ 20; Heath Aff., ¶ 20; Neal Aff., ¶ 20; J. Swinner Aff., ¶ 20; W. Swinner Aff., ¶ 20.

decertification motion requesting the Court reassess whether the class members are similarly situated. *Dyson*, 308 F.R.D. at 512–13.

## B. Proposed Notice

In addition to requesting class certification, Plaintiff seeks other, miscellaneous relief. Pl.'s Mot. Certify at p. 13. First, he asks the Court to order Defendant to produce the Putative Class Members' names, addresses, telephone numbers, e-mail addresses, dates of employment, dates of birth, and driver's license numbers within fourteen (14) days. *Id.* at pp. 13, 15. Second, he requests permission to notify Putative Class Members via text message of their right to opt-in. *Id.* at pp. 14-15. Third, he requests permission to send reminders to potential class members thirty (30) days before close of the sixty-day opt-in period and to use a call script to ensure receipt of notice materials. *Id.* at p. 13; Pl.'s Certify Reply at p. 6. Fourth, he requests the Court bar Defendant from communicating with the Putative Class Members. Pl.'s Certify Reply at p. 6.

### i. *Defendants must provide names, addresses, telephone numbers, and e-mail addresses in fourteen days.*

First, Plaintiff is entitled to names, addresses, telephone numbers, and e-mail addresses of potential class members, but production of dates of employment, dates of birth, and driver's license numbers is inappropriate. Several Texas courts restrict the amount of information defendants must turn over in collective actions.[14] Earlier this year, this Court ordered the defendants in a different case to provide proposed class members' names, last-known addresses, e-mail addresses, and, if a class member's current e-mail address could not be provided, telephone numbers. *English*, 2019

---

[14] *E.g. Thomas v. Bob Mills Furniture Co.*, No. W-14-CV-219, 2015 WL 12591358, at *8 (W.D. Tex. May 15, 2015) (Smith, J.) (ordering the defendants turn over only putative members' names, addresses, dates of employment, and e-mail addresses); *Ashcraft v. Core Laboratories, LP*, No. H-16-823, 2016 WL 3258369, at *4 (S.D. Tex. June 14, 2016) ("putative collection action members' names and mailing addresses are sufficient to effectuate notice"); *Miles v. Illini State Trucking Co.*, No. 3:16-CV-0778-D, 2017 WL 86142, at *6 (N.D. Tex. Jan. 10, 2017) (reasoning names and last known addresses are sufficient information to allow a plaintiff to contact potential class members).

WL 2112275, at *8. Neither party offers a basis to depart from this precedent and, therefore, Defendant should provide Plaintiff's counsel with the names, addresses, e-mail addresses, and telephone numbers of all members of the proposed class. Any further compulsion is inappropriate.

Plaintiff is entitled to production of the Putative Class Members' names, addresses, e-mail addresses, and telephone numbers within fourteen (14) days. Courts in this district routinely extend the time to produce contact information to fourteen (14) days after conditional certification. *See Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 700 (W.D. Tex. 2009) (Nowlin, J.) (giving a defendant fourteen days to provide the plaintiff's counsel with contact information); *Contreras*, 2017 WL 663560, at *9 (same). This Court recently found fourteen (14) days appropriate in similar cases. *English*, 2019 WL 2112275, at *8; *Ferguson*, 2017 WL 7053928, at *8. Defendant provides no basis to depart from this standard deadline. Accordingly, Defendant should produce to Plaintiff's counsel the names, addresses, e-mail addresses, and telephone numbers of all members of the class within fourteen (14) days of entry of an order.

    ii.    *Plaintiff's notice via text message is permissible.*

Second, Plaintiff may notify potential class members via text message. Another court in this District recently considered text messaging an appropriate means of notice. *Butler v. TFS Oilfield Servs., LLC*, No. SA-16-CV-1150-FB, 2017 WL 7052879, at *7 (W.D. Tex. Sept. 26, 2017) (Chestney, M.J.). In *Butler*, the Honorable Elizabeth S. Chestney considered notice via text message reasonable because the putative class consisted of "workers who disperse to non-centralized and remote worksites throughout Texas and other states where they spend long hours away from their home residences." *Id.* Plaintiff argues putative class members "may be away from home for long periods of time working on road projects and unable to access mail or email," meaning "text-message notice insures they will be fully apprised of their right to join" the suit.

Pl.'s Certify Reply at p. 5. The Court finds this reasoning persuasive and, accordingly, recommends Plaintiff's request to issue notice via text message be granted.

    *iii.*   *Plaintiff's reminder notice is permissible.*

Third, Plaintiff may send a reminder notice to class members thirty (30) days before the close of the sixty-day opt-in window. In *English*, this Court approved a request to mail reminders twenty-five days before the close of the sixty-day opt-in window and a call script to ensure receipt of the notice materials. 2019 WL 2112275, at *8–9. The defendants argued the proposed reminder notice was misleading and encouraged participation, but the Court reasoned the defendants provided "no persuasive rationale for the Court to deviate from the notice plan." *Id.* at *8. Here, similarly, Plaintiff requests authorization to send a second notice and consent form by mail, e-mail, and text message thirty (30) days before the deadline for putative members to join the suit. Pl.'s Mot. Certify at p. 13. Defendant responds only that repeated contacts will result in duplicative, harassing notices. Def.'s Certify Resp. at p. 13. Without another basis to refuse reminders, the Court concludes reminder notices are appropriate to facilitate the FLSA's objectives. *See Page v. Crescent Directional Drilling, L.P.*, No. 5:15-CV-193-RP, 2015 WL 12660425, at *4 (W.D. Tex. Dec. 10, 2015) (Pitman, J.) ("This Court, like other courts in this District, has allowed plaintiffs to send identical reminder notices"). Accordingly, Plaintiff's request to send reminder notices should be granted.

    *iv.*   *Plaintiff does not justify prohibiting Defendant from communicating with class members.*

Finally, Defendant may communicate with the Putative Class Members. Court orders limiting communication between parties and potential class members require specific findings supporting the need for the limitation and cost to the parties. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). The mere possibility of abuse implicated by communication with potential class

members does not alone justify a class-wide gag-order. *Id.* at 104. Thus, courts narrowly tailor any restriction on a party's ability to speak with absent class members. *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 667 (E.D. Tex. 2003). Only misleading, coercing, or intimidating potential class members from joining a suit ordinarily justify such a prohibition. *Id.*[15] Without evidence of such here, Plaintiff's request to bar class communications should be denied.

## IV.
## CONCLUSION

In sum, Plaintiff's motion for certification should be granted in part and denied in part. The Putative Class Members are similarly situated as they all managed road traffic, received an hourly rate, did not receive pay for the same tasks, and signed jury waivers. Plaintiff also adequately demonstrated that Putative Class Members are interested in joining suit. Defendant should produce potential class members' the names, addresses, e-mail addresses, and telephone numbers within fourteen days and Plaintiff should notify potential class members and remind them of their right to join the class. Any further relief is unwarranted.

## V.
## RECOMMENDATION

Therefore, the undersigned **RECOMMENDS** the Court conditionally certify the following class for the purposes of providing notice to potential class members and allowing potential class members to opt-in to this suit: all current and former hourly-paid workers employed by Defendant between June 2016 and the present who were traffic-management employees working at roadway projects throughout the state of Texas, whose monetary compensation consisted of hours reported

---

[15] *See also Pacheco v. Aldeeb*, 127 F. Supp. 3d 694, 698 (W.D. Tex. 2015) (Ezra, J.) (reasoning that an employer's abusive tactics, such as conditionally delivering paychecks on employees' agreements to not join claims against employer, warranted restriction on communication with potential class members).

in TxDOT work logs, and who executed a "Confidentiality, Nondisclosure, Non-solicitation, Non-Competition and Inventions Agreement" with Defendant.

The undersigned **FURTHER RECOMMENDS** the Court order the parties to confer and submit to the Court, within twenty-one (21) days of the date of an order, an agreed proposed notice and consent form in compliance with the above findings.

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are made. The District Court need not consider frivolous, conclusory, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED this 29th day of August, 2019.

THE HONORABLE JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE