# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| JAYME PEERY, individually, and on behalf of others similarly situated | § § § | |
| Plaintiffs, | § § | |
| | § | CASE NO. 6:18-CV-00358-ADA |
| v. | § § | |
| NIXON ENGINEERING, LLC, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Defendant's Motion for Reconsideration of Conditional Certification (ECF No. 46) and Defendant's Motion for Clarification of the Court's March 31, 2021 Order (ECF No. 55).

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.*

After this Court granted conditional certification to Plaintiffs under the *Lusardi* framework, the Fifth Circuit rejected *Lusardi*'s conditional certification process. *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021). In light of the Fifth Circuit's decision in *Swales*, this Court finds that reconsideration under Rule 54(b) is necessary to adhere to this intervening change in the law. *See also Eltayeb v. Deli Mgmt., Inc.*, NO. 4:20-CV-00385, 2021 WL 1061186,

1

at *2–3 (E.D. Tex. Mar. 19, 2021) (finding the Fifth Circuit's issuance of *Swales* required the court to grant reconsideration of conditional certification).

In Defendant's Motion for Clarification, Defendant requests the Court (1) grant the Motion for Reconsideration and (2) clarify the Court's March 31, 2021 Text Order denying Defendant's Motion to Supplement, or in the alternative (3) grant its request for interlocutory appeal should the Court deny the Motion for Reconsideration. Granting Defendant's Motion for Reconsideration means the Court will decide certification under the *Swales* framework, obviating the need for clarification of the Text Order on notice for the conditionally certified collective.

The Court **ORDERS** that Defendant's Motion for Reconsideration be **GRANTED**. **IT IS FURTHER ORDERED** that Defendant's Motion for Clarification is **MOOT**.

**IT IS FURTHER ORDERED** that on or before December 17, 2021, the parties shall each submit to the Court a brief containing the facts and legal considerations they feel are material to the "similarly situated" analysis to aid the Court in determining the limited discovery necessary to proceed under *Swales*.

**IT IS FURTHER ORDERED** that this matter be referred to United States Magistrate Judge Jeffrey C. Manske for disposition of all non-dispositive pretrial matters as provided in 28 U.S.C. § 636(b)(1)(A) and for findings and recommendations on all case-dispositive motions as provided in 28 U.S.C. § 636(b)(1)(B).

SIGNED this 1st day of December, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE